# EXHIBIT "D"

*0000000003200600790955070720006*

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $1,816,500.00 | 07-07-2006 | 07-15-2026 | 320060079 | 17 | | DSR | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

Borrower: CODY LCI REALTY LLC
RICHARD ASHERMAN
601 YELLOWSTONE AVE
CODY, WY 82414-9321

Lender: First National Bank & Trust
Cody Office
1507 Eighth Street
P.O. Box 2260
Cody, WY 82414

Principal Amount: $1,816,500.00 Interest Rate: 7.500% Date of Note: July 7, 2006

PROMISE TO PAY. CODY LCI REALTY LLC and RICHARD ASHERMAN ("Borrower") jointly and severally promise to pay to First National Bank & Trust ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million Eight Hundred Sixteen Thousand Five Hundred & 00/100 Dollars ($1,816,500.00), together with interest at the rate of 7.500% per annum on the unpaid principal balance from July 7, 2006, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

PAYMENT. Borrower will pay this loan in 240 payments of $14,782.18 each payment. Borrower's first payment is due August 15, 2006, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on July 15, 2026, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any unpaid collection costs. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

PREPAYMENT; MINIMUM INTEREST CHARGE. Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $7.50. Other than Borrower's obligation to pay any minimum interest charge, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: First National Bank & Trust, Cody Office, 1507 Eighth Street, P.O. Box 2260, Cody, WY 82414.

INTEREST AFTER DEFAULT. Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 21.000% per annum. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:

Payment Default. Borrower fails to make any payment when due under this Note.

Other Defaults. Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

Default in Favor of Third Parties. Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

False Statements. Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

Death or Insolvency. The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

Creditor or Forfeiture Proceedings. Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

Events Affecting Guarantor. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

Adverse Change. A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

Insecurity. Lender in good faith believes itself insecure.

LENDER'S RIGHTS. Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Wyoming without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Wyoming.

CHOICE OF VENUE. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Park County, State of Wyoming.

RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

SUCCESSOR INTERESTS. The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES. Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to

us at the following address: First National Bank & Trust - Attn: Loan Servicing Dept. 245 E. 1st Powell, WY 82435.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Each Borrower understands and agrees that, with or without notice to Borrower, Lender may with respect to any other Borrower (a) make one or more additional secured or unsecured loans or otherwise extend additional credit; (b) alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of any indebtedness, including increases and decreases of the rate of interest on the indebtedness; (c) exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any security, with or without the substitution of new collateral; (d) apply such security and direct the order or manner of sale thereof, including without limitation, any non-judicial sale permitted by the terms of the controlling security agreements, as Lender in its discretion may determine; (e) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose; and (f) determine how, when and what application of payments and credits shall be made on any other indebtedness owing by such other Borrower. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. EACH BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

CODY LCI REALTY LLC    *Pres. y CEO Lannett Co. Inc*

By: _____
ARTHUR P BEDROSIAN, Manager of CODY LCI REALTY LLC

X _____
RICHARD ASHERMAN, Individually

LASER PRO Lending, Ver. 5.32.00.003 Copr. Harland Financial Solutions, Inc. 1997, 2006. All Rights Reserved. - WY L:\CFI\LPL\D20.FC TR-7818 PR-21

## ADDENDUM TO PROMISSORY NOTE

This Addendum to Promissory Note ("Addendum") is attached to and made a part of that certain Promissory Note dated as of this 7th day of July, 2006 (the "Note"), made by CODY LCI REALTY LLC, a Wyoming limited liability company, and RICHARD ASHERMAN (collectively, "Borrower") for the benefit of FIRST NATIONAL BANK & TRUST, ("Lender"), and supplements and amends the Note as set forth below. In each instance in which the provisions of this Addendum shall contradict or be inconsistent with the provisions of said Note, as constituted without this Addendum, the provisions of this Addendum shall prevail and govern and the contradicted or inconsistent provisions of said Note shall be deemed amended accordingly. All provisions in this Addendum are deemed to commence with the language "Notwithstanding anything in the Note to the contrary."

1. The Section entitled Default is hereby amended as follows:

    a. The words "and such failure continues for thirty (30) days after receipt of written notice from Lender to Borrower (or, if such failure is of such a nature that the same cannot be cured within thirty (30) days, if Borrower fails to commence such cure within such thirty (30) days or thereafter fails to diligently pursue such cure to completion)" is inserted at the end of each of the subsections entitled Payment Default, Other Defaults and , respectively.

    b. The subsection Death or Insolvency shall be deleted in its entirety, and the following subsection shall be inserted in its place:

    "Death or Insolvency. The dissolution or termination of Cody LCI Realty LLC's existence as a going business, the insolvency of Cody LCI Realty LLC, the appointment of a receiver for any part of Cody LCI Realty LLC's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Cody LCI Realty LLC."; and

    c. The subsections entitled Default in Favor of Third Parties, Events Affecting Guarantor are each deleted in its entirety.

PH2 255516v1 04/20/06

2.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Borrower and Lender have executed this Addendum as of the __6th__ day of __July__, 2006.

BORROWER:

CODY LCI REALTY LLC

By: _____
Arthur Bedrosian, Manager

_____
RICHARD ASHERMAN

LENDER:

FIRST NATIONAL BANK & TRUST

By: _____
Name: DAN GROSKOP
Title: Vice President

PH2 255516v1 04/20/06