EXHIBIT "G"

January 29, 2013                              **Via Facsimile and Express Mail**

Arthur Bedrosian
CEO Lannett Company and Manager Cody LCI Realty, LLC
13200 Townsend Road
Philadelphia, PA 19154

**Re: Cody LCI Realty, LLC Manager and Lannett Company in Default**

Arthur,

In response to your letter of January 25th, 2013, you continue to be in default and you are under an obligation to cure according to section 11.4 of the Cody LCI Realty, LLC Operating Agreement.

Your decision to disregard your responsibilities as Cody LCI Realty manger to make sure that adequate insurance coverage is maintained is placing the assets of the Cody LCI Realty at serious risk. You are in dereliction of your duties as manager of Cody LCI Realty, LLC. If a fire or other destructive event were to happen in the building, we do not even have enough coverage to cover the leasehold improvements and construction in progress listed on the Cody Laboratories balance sheet. This completely leaves out any coverage of any part or percentage of the replacement cost of the building or equipment within the facility. We are currently underinsured by at least $15,000,000 according to the December 2012 Cody Laboratories balance sheet.

As you know, Lannett Company presently carries insurance coverage for the Cody Laboratories building (at book value, replacement value is significantly higher) and it improvements and contents. Cody Laboratories does not carry an insurance policy. Lannett covers Cody under its own policy. I have absolutely no authority to increase the insurance coverage for Lannett's policy. Only you can authorize that. Presently the amount of insurance is $5,939,000. This amount is grossly inadequate. According to the most recent balance sheet presented to the Cody Laboratories Board of Directors on January 15, 2013, the assets requiring coverage are as follows;

| Construction in Progress | $ | 4,414,122.00 |
|---|---|---|
| Leasehold Improvements | $ | 5,580,670.00 |
| Book value of building | $ | 1,120,258.15 |
| | $ | **11,115,050.15** |

This above table does not take into account the manufacturing equipment, analytical equipment, office equipment or inventory listed below.

| Analytical Equipment | $ | 602,043.13 |
|---|---|---|
| Manufacturing Equipment | $ | 5,866,213.16 |
| Office Equipment | $ | 156,080.03 |
| Inventory | $ | 3,366,665.81 |
| | $ | **9,991,002.13** |

On October 01 of 2012 Cody Laboratories sent a request for insurance coverage review to Mike Landis and John Kozlowski. In Nov 2012 Lannett responded that the insurance coverage was adequate. At the time of that request according to the Cody Laboratories balance sheet reflected the following;

| Construction in Progress | $ | 1,406,579.00 |
|---|---|---|
| Leasehold Improvements | $ | 5,555,652.00 |
| Book value of building | $ | 1,120,258.15 |
| | $ | 8,082,489.15 |

| Analytical Equipment | $ | 593,355.00 |
|---|---|---|
| Manufacturing Equipment | $ | 5,673,227.00 |
| Office Equipment | $ | 133,056.00 |
| Inventory | $ | 2,935,816.00 |
| | $ | 9,335,454.00 |

These balance sheet numbers make clear that both Cody LCI Realty LLC and Cody Laboratories are grossly underinsured. An immediate increase is needed pending a quote and opinion from our insurance carrier to bring the levels up to an amount to include the above values. I will also get a quote for an estimated replacement cost of the building putting any and all improvements that have been made. In section 8.5 the Lease Agreement it specifically requires that the policy include 90% of the replacement cost of the building.

You have also directed me as the CEO of Cody Laboratories to obtain performance bonds in accordance with the Lease Agreement. I will comply with your directive for future projects and I will also include existing projects as well. Currently we have construction in progress projects of $4,414,122. You have also directed me to obtain an opinion from your insurance carrier. I will speak with Mike Landis and get the contact information for the insurance carrier. Please communicate to Mike Landis to work with and support me in any communications with the insurance carrier. I believe Mike is the point of contact between Lannett Company and the Insurance carrier. They may not speak with me otherwise.

Although I am following through with your directives, moving forward these directives should be made to Bernhard. You are placing me in a position of potential conflict with my personal membership in Cody LCI Realty, and my position as CEO of Cody Laboratories. As the manager of Cody LCI Realty it is your obligation to make sure that the terms of both the Lease and Operating Agreements are being complied with.

Your final comments about an adjustment and discussion of an increase in the lease payment are unclear. My letter specifically addresses that Cody LCI will be paying a monthly rent payment to Forward Cody in the amount of $9000.00. Your comment implies that there will be no rent adjustment from Cody Laboratories to Cody LCI Realty to cover this additional monthly expense once Cody LCI starts its payments to Forward Cody. Is it your intention to amend the current Lease Agreement between Cody Laboratories and Cody LCI Realty to cover the additional payment of $9000.00 will be making to Forward

Cody?

In summary, you as manager on behalf of Lannett Company are in default of the Operating Agreement and Cody Laboratories is in default of the Lease Agreement. Since you as the Cody Laboratories Chairman have inappropriately directed me as the CEO of Cody Laboratories to follow through with your direction, I will comply with your requests to have Cody Laboratories procure the required bonds covering existing and future projects, receive an opinion and quote to make sure we have adequate insurance coverage as required by the Lease Agreement and I will also request a quote for replacement cost of the Cody Laboratories building.

Although I will be complying with your requests this does not absolve you of your responsibility as Cody LCI Realty manager to make sure that the assets of Cody LCI are adequately protected and failing to do so will not fulfill your obligation to cure the default within the time period stated in section 11.4 of the Cody LCI Realty Operating Agreement. This is your responsibility as manager.

Every month Cody Laboratories has a board meeting which you are the chairman, and you receive the balance sheet of Cody Laboratories, so you are aware of the value of the assets required to be insured. Again as you also know, Cody Laboratories does not have an individual insurance policy for any of the assets of the company. Cody Laboratories is named on Lannett's insurance policy. Although I can request an opinion and quote I do not have the authority to make any changes to the insurance policy covering the assets of Cody Laboratories.

Arthur, you already have and are also aware of all of the information and values cited in this letter. You receive the financial statements each month for our Cody Laboratories Board Meeting. Taking into account that the replacement costs of the existing Cody Laboratories building would be considerably higher than the book value, we are likely under insured by approximately $20,000,000. Even using the book value we are underinsured by approximately $15,000,000.

Please comply with the terms of the agreements and cure the breaches within the time required in section 11.4 of the Cody LCI Realty Operating Agreement.

Sincerely,


Richard Asherman
Member Cody LCI Realty, LLC