# EXHIBIT "L"



March 20, 2013

**Via Facsimile and Federal Express**
Richard Asherman
102 North Chugwater Drive
Cody, WY 82414

Re: Formal Letter of Reprimand

Dear Richard:

I write on behalf of the Board of Directors ("Board") of Cody Laboratories, Inc. ("Cody" or the "Company") and deliver this formal letter of reprimand to you, in your capacity as Cody's Chief Executive Officer ("CEO").

As CEO, your duties are described in paragraph 3 of your May 23, 2008 Employment Agreement ("Agreement"). Without limitation, they include devoting your "full-time efforts to the proper and faithful performance of all duties customarily discharged by a CEO" as well as any "additional duties" assigned to you by Cody's Board. The Agreement further reflects your commitment to use your "best efforts" to "comply with all fiduciary and performance standards" attendant to your position.

In determining that a reprimand is required, the Board focused on your conduct, including:

1. Your relationship with the Cody Board has become needlessly antagonistic, as you have failed and refused to comply with directives to secure quotes for liability insurance and to be sure that contractors have performance bonds, even though you identified these as significant issues of concern regarding the operations of Cody Laboratories.

As CEO, you must be attentive to these matters and seek to propose meaningful, constructive solutions to perceived problems. You failed to do so. You then refused to follow the direction to secure insurance quotes and to address performance bond issues.

2. The above matters came to a head last week when you demanded a meeting of the Cody Board and threatened to shutter the operations of Cody Laboratories if your demands were not met. At the same time, you also threatened to stop vital construction projects unless the terms which you unilaterally claimed were necessary were immediately met. Your threats were counterproductive to the orderly operation of Cody Laboratories, totally improper and beyond your authority as CEO.



Your threats were also irresponsible and evidenced extremely poor judgment, not typically tolerated of a CEO. Apparently recognizing this, you retreated from your threats and withdrew them at the March 15 Board meeting, which was hastily called at your insistence so that you could raise the very issues which you withdrew at the meeting.

In the future, the Board expects that you will raise <u>bona fide</u> concerns respecting significant matters with the Board at its regularly scheduled meeting, not at meetings that you demand to air grievances which you then withdraw. Of course, the Board should be advised promptly of truly emergent matters as they arise, but the matters you recently raised were not true emergencies.

3. The Company is in receipt of a confidential draft Environmental, Health and Safety Assessment ("Assessment") prepared by Affygility Solutions after an on-site and off-site survey. The draft Assessment is disturbing in that it contains a number of preliminary findings requiring immediate corrective action. The Assessment found that there were a number of "significant employee health and safety risks" which also present a "significant regulatory liability for the company if left unaddressed". The Assessment concluded that the company had allowed significant health and safety risks for potential occupational exposure to occur, including the Company's failure to submit a timely Toxic Report Inventory ("TRI"). The Assessment also makes it clear that the sizable number and type of alleged violations exist due to the "rapid growth" in the Company's business.

As CEO, you are responsible for assuring compliance with health and safety regulations while managing the Company's expansion. Your failure and/or inability to do so subjects the Company to significant and unacceptable risks. These risks are the very ones which a focused CEO, dedicated to managing the affairs of a business consistent with their fiduciary duties, effectively manages and/or avoids. The Board is concerned that you are either unable or unwilling to do this.

4. We understand that late last summer you secretly tape recorded a Cody Board meeting without disclosure or consent. The Board does not understand why you elected to do this and is concerned that such conduct can impair the Board's effectiveness by chilling the candid evaluation of business strategies considered by the Board. Moreover, such conduct likely violates state and/or federal laws as well as the privacy rights of Board members. Last, it is highly unusual for a CEO to secretly tape a Board meeting as doing so shows poor judgment.

5. Last, the Board is concerned that you breached the Company's Code of Business Conduct and Ethics ("Code of Conduct") when you threatened to file articles of dissolution of Cody LCI Realty LLC in order to force a "buy out" of your interest in that entity and a severance package, to which you are not entitled.

601 YELLOWSTONE AVENUE • CODY, WYOMING 82414
OFFICE: (307) 587-7099 • FAX: (307) 587-7597
www.codylabs.com



As noted above, this letter constitutes a formal letter of reprimand from the Board and a direction that you henceforth comply with all of the terms and conditions of your Employment Agreement. This letter is also intended to provide you with constructive guidance and should be accepted in that spirit.

Cody Laboratories reserves the right to supplement and amend this letter of reprimand, without prejudice to its rights, all of which are fully reserved.

Very truly yours,

Arthur Bedrosian
Board Chair
Cody Laboratories, Inc.