IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANNETT COMPANY, INC., and ARTHUR BEDROSIAN, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. 2:13-cv-02006 JP <br> : |
| v. | : JURY TRIAL DEMANDED <br> : |
| RICHARD E. ASHERMAN, | : <br> : |
| Defendant. | : <br> : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A
<u>PROTECTIVE ORDER AND RETURN OF PRIVILEGED DOCUMENTS</u>**

 

**FOX ROTHSCHILD LLP**

/s/ George J. Krueger
George J. Krueger , Esquire (I.D. No. 30501)
Samuel H. Israel, Esquire (I.D. No. 55776)
Maura L. Burke, Esquire (I.D. No. 308222)
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Dated: July 29, 2013    (215) 299-2000

Plaintiffs, Lannett Company, Inc. ("Lannett") and Arthur Bedrosian ("Bedrosian") (collectively, "Plaintiffs"), submit this memorandum of law in support of their Motion for Protective Order and Return of Privileged Documents ("Motion").

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This Motion is necessitated by the fact that Defendant, Richard E. Asherman ("Asherman"), has failed to comply with the requests of Plaintiffs and the requirements of the Federal Rules of Civil Procedure to return privileged emails inadvertently forwarded to his Wyoming counsel.

There are currently two cases pending between Lannet and Asherman.  One is the instant matter. The other is a later filed lawsuit initiated by Asherman in state court in Park County, Wyoming ("Wyoming State Court Case").  See Asherman v. Lannett Company, Inc. et al., C.A. No. 27314 (5th Dist. Wyo.).

On July 12, 2013, counsel for Plaintiffs sent an email to S. Joseph Darrah ("Darrah"), who serves as counsel to Asherman in the Wyoming State Court Case and who, upon information and belief, is assisting local counsel in the defense of this case.  The email, which responded to Darrah's request that his client be indemnified in this case, was directed to Darrah and copied to Plaintiffs' co-counsel, Samuel H. Israel ("Attorney Israel"), a partner at Fox Rothschild LLP, and Plaintiffs' counsel in the Wyoming State Court Case, Stephen L. Simonton ("Simonton").  In addition, the email "blind copied" plaintiff, Bedrosian.

Bedrosian responded to the email to his counsel with a question and Attorney Israel responded to Bedrosian's question.  Unfortunately, both Bedrosian and Attorney Israel mistakenly used the "Reply All" function, such that their confidential communications were

inadvertently sent to Darrah.  See email communications dated July 12, 2013, Exhibit "A".[1]

Both Bedrosian and Attorney Israel quickly realized the mistake and sought to "recall" the email messages within a matter of minutes.  See Recall Notices, Exhibit "B".  In addition, on the same day, counsel emailed Darrah advising that he may have inadvertently received communication between counsel and Plaintiffs via misdirected emails.  See email to Darrah dated July 12, 2013, Exhibit "C".  Counsel asked Darrah to confirm his receipt of such communications and requested that they be destroyed.  See id.

Darrah did not respond.  Accordingly, five days later on July 17, 2013, counsel again wrote to Darrah seeking confirmation of receipt of the communications.  See letter to Darrah dated July 17, 2013, Exhibit "D".  Citing the Wyoming Rule of Professional Conduct 4.4(b), counsel advised that Darrah had an ethical obligation to promptly notify Plaintiffs' counsel if he received the inadvertently sent communications.[2]

In belated response, on July 18, 2013, Darrah wrote and advised that he had in fact received two emails, one from Bedrosian and the other from Attorney Israel.  See letter to George J. Krueger dated July 18, 2013, Exhibit "E".  Incredibly, while the e-mails in question plainly contain communications between a lawyer and its counsel conveying legal advice, Darrah claimed (with no support) that he did not believe the communications were privileged

---

[1] Plaintiffs are filing their Motion for Leave to File Exhibit "A" to Plaintiffs' Motion for a Protective Order and Return of Privileged Communications Under Seal.  As such, Exhibit "A" to this Motion is a placeholder and does contain the referenced email communications.

[2] Wyoming Rule of Professional Conduct 4.4(b) provides:

> A lawyer who received a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender.

WRPC 4.4(b).  The Pennsylvania rules are in accord.  See PRPC 4.4(b).

and would only consider destroying the emails upon an additional showing by counsel.  See id.

On July 19, 2013, counsel for Plaintiffs again wrote to Darrah advising that the emails were, in fact, privileged, contain communications between counsel and his client, and, pointed out that the e-mails contain a notation in all capital letters that they are "PRIVILEGED AND CONFIDENTIAL INFORMATION" and direct that they be returned if delivered in error.  See letter to Darrah dated July 19, 2013, Exhibit "F".  At the same time, counsel reminded Darrah that the Wyoming Rules of Civil Procedure require the return of inadvertently produced privileged documents without prior demand or motion.[3]  See id.

On July 23, 2013, Plaintiffs' counsel again wrote to Darrah advising that if he failed to comply with the multiple requests to return attorney-client/work product privileged communications by July 29, 2013, Plaintiffs would move the Court for relief.  See letter to Darrah dated July 23, 2013, Exhibit "G".

To date, Darrah has not returned and/or destroyed the communications at issue.  Rather, he has advised that he would file them under seal with the Wyoming state court and seek judicial review, ignoring both his obligations under the Federal Rule of Civil Procedure and that the subject matter of the emails focuses on this case and Asherman's claimed right of indemnification respecting the matter at bar.

While the e-mails are plainly privileged and both the Federal Rules of Civil Procedure as well as the Wyoming and Pennsylvania Rules of Professional Conduct require they be immediately returned, Asherman is forcing Plaintiffs to seek relief from this Court.  Accordingly, Plaintiffs now move for an appropriate order.

---

[3] The Federal Rules are in accord.  See Fed.R.Civ.P. 26(b)(5)(B).

II.     LEGAL ARGUMENT

    A.     **Standard For Motion for Protective Order.**

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he Court may, **for good cause**, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." See Fed. R. Civ. P. 26(c)(1) (emphasis added); see also Shingara v. Skiles, 420 F.3d 301, 305-06 (3d Cir. 2005) (court may issue protective order "for good cause shown"); Constand v. Cosby, 232 F.R.D. 486, 488 (E.D. Pa. 2006) (same); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir.1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.") (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3rd Cir. 1984)).

Among other things, the court may issue a protective order:

> (A) forbidding the disclosure or discovery;
> . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

See Fed. R. Civ. P. 26(c)(1) (A), (D).

Here, a protective order is warranted and Asherman should be compelled to return and/or destroy all copies of the email communications that were inadvertently disclosed because (i) they are protected by the attorney-client and work product privileges, and (ii) disclosure and use of the email communications will unfairly prejudice and oppress Plaintiffs. See e.g. In re Atlantic Financial Federal Securities Litigation, 1992 WL 50074, *4 (E.D.Pa. Mar. 3, 1992) (granting motion for protective order and compelling return of document that were inadvertently produced to plaintiffs). Indeed, Federal Rule of Civil Procedure 26(b)(5)(B) requires such relief. See Fed. R. Civ. P. 26(b)(5)(B) ("After being notified, a party **must** promptly return, sequester, or destroy the specified information and any copies it has . . . .") (emphasis added).

Here, there can be no question that the two e-mails in question were inadvertently disclosed, that they contain communications between the Plaintiffs and their counsel regarding legal advice and strategy, and that they should be immediately returned.

> **B.   The Court Should Prohibit Asherman from Using the Email Communications and Compel their Return and/or Destruction Because They Are Privileged.**

A protective order is warranted and Asherman should be compelled to return and/or destroy all copies of the email communications because they are protected by the attorney-client and work product privileges.  See e.g. Fidelity and Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 521-522 (E.D.Pa. 1996) (holding attorney-client privilege provides sufficient "good cause" under Rule 26(c) to grant the protective order).  Other than counsel indicating that he did not "believe" the e-mails were privileged, Asherman offers no explanation for why such obvious communications between an attorney and his client are not privileged.  Indeed, they plainly are.

Under Third Circuit law, attorney-client privilege protects documents and communication where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of securing primarily either (i) an opinion of law, (ii) legal services, or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client.

Lawless v. Delaware River Port Authority,  2013 WL 180347, *1-*2  (E.D.Pa. Jan. 16, 2013) (citing Montgomery County v. MicroVote Corp., 175 F.3d 296, 301 (3d Cir.1999)).  The privilege protects communications made by the client as well as the attorney and it "exists to protect not only the giving of professional advice to those who can act on it but also the giving of

information to the lawyer to enable him to give sound and informed advice." Id. (quoting Upjohn Co. v. United States, 449 U.S. 383, 390 (1981)).

The email communications are protected by the attorney-client privilege because (1) Bedrosian is a client; (2) he was communicating with his attorneys about strategy involving Asherman's demand for indemnification in connection with this lawsuit; (3) the communications relate to a question raised by Bedrosian to his counsel, which communication was intended to be made without the presence of strangers, for the purpose of securing primarily legal advice relating to the indemnification demand and not for the purpose of committing a crime or tort; and (4) the privilege was immediately claimed and not waived by Plaintiffs.  Accordingly, as the two inadvertently produced email communications are plainly privileged, a protective order is warranted to shield further disclosure of Plaintiffs confidential communications with counsel.

Similarly, Attorney Israel's email communication is further protected by the work product privilege.  Federal Rule of Civil Procedure 26(b)(3) sets for the attorney work product privilege which protects from disclosure of counsel's "mental impressions, conclusions, opinions, or legal theories" concerning pending litigation.  McCrink v. Peoples Benefit Life Ins. Co., 2004 WL 2743420, *4-*5 (E.D.Pa. Nov. 29, 2004) ("[M]ental impressions and legal theories afforded 'near absolute protection' from discovery") (citing In re Cednant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003)).  Federal Rule of Civil Procedure 26(b)(3) provides in part:

> (A) Documents and Tangible Things. **Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative** (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

7

      (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

      (B) Protection Against Disclosure. **If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.**

Fed.R.Civ.P. 26(b)(3)(A)-(B) (emphasis added).

Further, Attorney Israel's e-mail plainly includes his mental impressions and strategy regarding the question posed by his client, Mr. Bedrosian. It contains quintessential attorney work product. See Fed.R.Civ.P. 26(b)(3). Accordingly, the email communications are privileged and a protective order is warranted to shield further disclosure of Plaintiffs' counsel's work product.

Finally, Plaintiffs have not waived their privilege because the disclosures were inadvertent and the circumstances do not merit the loss of the privilege as to these particular documents. Indeed, Plaintiffs immediately sought to recall the emails and then immediately requested that they be returned (i.e., deleted).

Generally, waiver of the attorney-client privilege must be voluntary. See McCulloch, 168 F.R.D. at 521-522 (citing Redland Soccer Club v. Department of the Army, 55 F.3d 827, 856 (3d Cir.1995), cert. denied, 516 U.S. 1071, 116 S.Ct. 772, 133 L.Ed.2d 725 (1996)). Asherman bears the burden of showing waiver. See Murray v. Gemplus Int'l S.A., 217 F.R.D. 362, 366 n. 5 (E.D. Pa. 2003). Asherman cannot meet his burden.

The multiple letters and prompt efforts to "recall" the emails show that the disclosure of the email communications was truly inadvertent and not voluntary or intentional. See id. (finding plaintiff met its burden of establishing that the disclosure was in fact inadvertent).

Where, as here, there is no voluntary disclosure, there is also no waiver of the attorney-client privilege as to the subject matter of those communications. "Inadvertent disclosures of privileged communications do not waive the privilege as to the entire subject matter of those communications, . . . but only in very limited circumstances as to the particular documents disclosed." See id. fn7.

Here, the circumstances do not warrant waiver of the privilege as to the email communications. Courts consider five factors to determine whether an inadvertent disclosure constitutes a waiver:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its errors.

See id. at 522 (internal citations omitted).

Applying the five factors in this instance, the Court must conclude that Plaintiffs did not waive the privilege in this instance.

First, Plaintiffs' precautions against inadvertent disclosure were more than minimally adequate. See id. (finding no privilege waiver where plaintiffs' precautions against inadvertent disclosure were at least minimally adequate). The disclosure was truly inadvertently; rather than clicking only "reply", Mr. Bedrosian and Attorney Israel did not realize when the clicked on a "reply to all" that Asherman's counsel was included on the e-mail.

Second, there have been only two inadvertent disclosures – the email from Bedrosian to Plaintiffs' counsel and the responsive email from Plaintiffs' counsel – both occurring on the same day. See id. (finding no privilege waiver where number of disclosures was relatively small).

9

<u>Third</u>, the extent of the disclosure is minimal.  Bedrosian's e-mail contained a single sentence and Attorney Israel's response was a merely few sentences relating to Asherman's request for indemnification.  <u>See id.</u> (finding extent of disclosure minimal where the disclosures revealed only the nature of some of the legal services being provided to plaintiff, and did not reveal any significant facts concerning the substance of any legal opinion).

<u>Fourth</u>, there was no delay in measures taken by Plaintiffs' counsel to rectify the disclosure.  Indeed, Plaintiffs' counsel immediately sought to recall the emails and also immediately inquired as to whether the disclosure had occurred and demanded that the email communications be destroyed.  <u>See</u> email to Darrah dated July 12, 2013, Exhibit "A"; <u>see also</u> <u>McCulloch</u>, 168 F.R.D. at 522 (finding no privilege waiver despite plaintiff not having been especially vigilant in its efforts to rectify the disclosures).

<u>Fifth</u>, overriding interests of justice would be served by relieving the party of its error.  <u>See id.</u> (holding "the interests of justice are best served by holding that a small number of insignificant disclosures do not constitute a waiver").

<u>Last</u>, substantive law requires the return of the emails.  Both the Federal Rules of Civil Procedure and Wyoming Rules of Professional Conduct require the return of inadvertently produced documents in this instance.  <u>See e.g.</u> Fed. R. Civ. P. 26(b)(5)(B); WRPC 4.4(b).

### C. The Court Should Prohibit Asherman from Using the Email Communications and Compel their Return and/or Destruction Because their Disclosure Improperly Prejudices and Oppresses Plaintiffs.

A protective order is warranted and Asherman should be compelled to return and/or destroy all copies of the email communications because disclosure and use of the email communications by Asherman or third parties will unfairly prejudice and oppress Plaintiffs.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he Court may, **for good cause**, issue

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." See Fed. R. Civ. P. 26(c)(1) (emphasis added).

Here, good cause exists independently from attorney-client and work product privileges because (i) the Federal Rules of Civil Procedure require the return of the emails, (ii) the Rules of Professional Conduct require notification of receipt of the emails, and (iii) the emails are facially marked as being "PRIVILEGED AND CONFIDENTIAL INFORMATION".

First, Federal Rule of Civil Procedure 26(b)(5), which governs this case, requires that "party must promptly return, sequester, or destroy" privileged information that was inadvertently produced. See Fed. R. Civ. P. 26(b)(5)(B). The Wyoming Rules of Civil Procedure, which govern the Wyoming State Court Case, provide similarly. See Wyo. R. Civ. P. 26(b)(5). Although these rules are self-executing and do not require demand, Darrah ignored Plaintiffs' repeated demands for the return of the email communications.

Second, both the Wyoming Rules of Professional Conduct and Pennsylvania Rules of Professional Conduct require a lawyer "who receives a document . . . and know or reasonably should know that the document was inadvertently send shall promptly notify the sender." WRPC 4.4(b); see also PRPC 4.4(b). Darrah failed to abide by this Rule.

Third, the email communications are facially privileged and confidential. Indeed, the emails were sent by and among Plaintiffs and their counsel, as well as facially disclose that they contain "PRIVILEGED AND CONFIDENTIAL INFORMATION" and direct that they be returned if delivered in error. See letter to Darrah dated July 19, 2013, Exhibit "D".

Accordingly, good cause exists independently from attorney-client and work product privileges and a protective order is warranted to shield Plaintiffs from undue prejudice and oppression as a result of this inadvertent disclosure of confidential and privileged

communications.

### III.	CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that the motion for a protective order and return of privileged documents should be granted.  Specifically, Plaintiffs request that Asherman and his counsel be directed to return and/or destroy all copies of the inadvertently sent email communications and be prohibited from using said communications in this or any related litigation.

Respectfully submitted,

/s/ George J. Krueger
George J. Krueger , Esquire (I.D. No. 30501)
Samuel H. Israel, Esquire (I.D. No. 55776)
Maura L. Burke, Esquire (I.D. No. 308222)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Dated:  July 29, 2013		(215) 299-2000