# Exhibit "E"

# DARRAH LAW OFFICE, P.C.
## ATTORNEYS AT LAW

JOSEPH E. DARRAH (retired 2008)
S. JOSEPH DARRAH*

*Also admitted in Colorado

254 East Second Street
Powell WY 82435
Telephone: (307)754-2254
Facsimile: (307)754-5656
Email: joey@darrahlaw.com

July 18, 2013

George J. Krueger
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222

**Via E-Mail and U.S. Mail**

RE: *Asherman v Lannett*

Dear George:

    Thank you for your letter sent July 12, 2013 which is actually a response to my recent letter to Steve Simonton. Related to that letter to Mr. Simonton and your response, I will inform you that I did in fact receive two e-mails which were sent to me which I need to inquire about. One was from Arthur Bedrosian and one from Sam Israel. I also have seen your's and Sam's e-mails back to me, explaining that the communications were inadvertent. I have done nothing with the e-mails at this point. I am determining how to reconcile my roles under the court rules and my advocacy of Mr. Asherman as a 50% owner and what we assert is his role as the managing member of Cody LCI Realty, LLC. As you are likely aware, Ric did follow the procedures set forth in the Operating Agreement which enabled him to become the Managing Member of the LLC. I am in the process of seeking input from separate counsel on the issue regarding the two e-mails.

    Without divulging their content, the e-mails to a large extent appear to be related to your letter of July 12 addressing my request to Cody LCI Realty, LLC for inspecting documents to which an LLC member is entitled to receive. Likewise, the communications appear to also be related to the indemnity request from Cody LCI Realty, LLC. Accordingly, those e-mails do not appear to be privileged. It is unclear to me why the information relating to a Cody LCI business matter would be privileged, given the fact that Ric has regularly received emails from your firm in the past regarding Cody LCI business matters. The fact that there is ongoing litigation arising out of a derivative action does not make the

Z:\CLIENTS\Asherman, Ric\Krueger letter 1.wpd

information privileged. Your communications regarding Ric's indemnity is a Cody LCI business matter and he is certainly entitled to view that as a Company record since that indemnity section of the operating agreement is for his benefit. Don't these communications really go to what Arthur has stated is "good business judgement" by Lannett as a member of Cody LCI Realty? Asserting a privilege for a Cody LCI business matter appears to be improper and also further exemplifies a conflict of interest. If you can provide information and a justification to me which demonstrates that the e-mail communications related to Cody LCI Realty, LLC business matters is somehow privileged under the circumstances, I will consider destroying the e-mails. Please provide specific information to me in that regard.

Returning to your letter, I will wait for the E & O carrier's determination as to whether it will tender a defense and provide coverage for Ric. I will wait until July 22, 2013 to hear from the carrier. If I have not heard from the carrier by that date, I request that Cody LCI Realty and Cody Labs immediately provide notice to me that they will provide such indemnification and pay for Ric's defense in the Pennsylvania case no later than Monday, July 23, 2013.

Turning to another important matter, I still have not been informed of the identify of the attorney representing the LLC. Accordingly, I again request the information regarding the identity of the Cody LCI Realty, LLC attorney so that I may deal with someone who will objectively address Cody LCI Realty matters without any inherent bias one way or the other. As a member of Cody LCI Realty, LLC, Mr. Asherman needs to be apprised of the identity of the attorney representing it in this matter and for separate issues which arise outside of the litigation.

Ric is a member of Cody LCI, possessing a 50% interest. As such, Ric believes that he is also the managing member of the Company. Lannett continues to operate as the *de facto* managing member and has completely left Ric out of discussions or decisions related to all Cody LCI business dealing. For some time now, no information or documentation has been provided to Ric about Company business matters, financial concerns, the Forward Cody Project, lease issues, expenditures, revenues, and other matters.

Ric has legitimate concerns surrounding Lannett as a result of its inter-locking ownership in Cody LCI and Cody Labs, and will no longer just take anyone's word about what has transpired or will transpire within Cody LCI Realty, LLC. On several occasions, Arthur Bedrosian has made it clear that "he" does not need Ric's permission for anything related to Cody LCI. Due to Mr. Bedrosian's assertions and Ric's concerns, it is paramount that that all matters related to Cody LCI, its operations and management be completely transparent through full disclosure, inspection and review by all members. As a member, Ric is entitled to know the exact status of all past, present and potential future business matters of the Company, instead of discovering information after the fact, through the disclosure of carefully sanitized information. The only way he can get a complete picture of Company operations and management matters is through a thorough review of the business records.

Cody LCI is not a party to the litigation, so the request is made outside of the scope of that proceeding. My client questions your firm's ability to legally and objectively provide advice about document review and other matters affecting Cody LCI Realty, LLC. As it stands right now, any advice your firm will give Cody LCI will be viewed to serve the primary purpose and consideration of only protecting Cody Labs and Lannett in litigation.

My client has a statutory right to review and copy the Company documents sought as required by Wyo. Stat. § 17-29-410. Accordingly, he is exercising that statutory right. I will be performing the document review for Mr. Asherman and likely will request copies of many of the documents I review on Mr. Asherman's behalf. The request for the type of information is clearly encompassed in my previous letter to Mr. Simonton, which was intended for the Cody LCI Realty attorney. Please clarify your role in that regard. In the meantime, the clock is ticking on our statutory request for documents from the LLC.

Please convey to whomever is involved that we will agree to a protective order of confidentiality as it relates to viewing and copying any confidential or propriety information. I request that the Cody LCI Realty, LLC's attorney propose language which is acceptable for such a protective order, if one is necessary. In the meantime, I await word on scheduling a location and date for my review of the Company records on Ric's behalf.

Please do not hesitate to contact me if you should have any questions or comments. I look forward to a timely response.

Very truly yours,
DARRAH LAW OFFICE, P.C.

S. JOSEPH DARRAH
Attorney at Law

c.c.: client

Z:\CLIENTS\Asherman, Ric\Krueger letter 1.wpd